BRADLEY GOODYEAR, Respondent, v. ROCK WOOL INSULATION CORPORATION, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of ABE KASEN, Respondent, against STEINBERG PRESS, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and carrier from a decision of the State Industrial Board which affirmed an award made to claimant allowing him compensation for injuries under the Workmen's Compensation Law. The Industrial Board found that as a result of an accident claimant suffered a recurrence of a left inguinal hernia and an aggravation of a prior dormant arthritic condition which caused a restriction in abduction and rotation of the left shoulder, severe pain in the shoulder, arm and back, and an atrophy of the left upper arm. The appellant makes the point that the finding of causal relation between the injuries to the back and left shoulder are not properly supported by the evidence. There is, however, direct medical testimony showing the existence of these injuries and causal relation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of WALTER J. CROOKS, Respondent, against THE GAZETTE PUBLISHING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of disability under the Workmen's Compensation Law. The claimant was injured while soliciting advertising which was to be published in the employer's newspaper. Claimant had entered into a contract with the employer which granted to him the privilege to solicit advertising for a special business page to be published in the *Gazette*. He was to receive a percentage of the receipts from the advertising which is sold by him. The contract was dated August 29, 1935, and provided that the page would be inserted starting January, 1936, and that all contracts for advertising on this page were subject to the acceptance and OK of the *Gazette*. The newspaper had no control over the claimant as to the manner in which or time when he should do the soliciting. He was not carried on the payroll. On his part, claimant did not assume any specific duties. Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the contract did not establish the relationship of master and servant between the parties. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

In the Matter of the Claim of ANTONIO TARANTOLA, Respondent, against ALEX NILSON and LOUIS BERG, Appellants.— The evidence sustains the finding made by the Board that decedent was employed by appellants at the time of the injury. Employers, appellants, were engaged in trucking logs. One rolled from the truck, striking decedent and inflicting injuries from which he died. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of ALVIN G. WALKER, Respondent, against WILLARD C. PALMER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, with ten dollars costs to the claimant against the appellants. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.